**Lincoln D. FINLEY, Jr.,
Plaintiff-Appellant,**

v.

**James FISCHER, Officer APD;
Michael Agosta, Defendants-
Appellees.**

**No. 16-15073**

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2017 *

Filed March 20, 2017

Lincoln D. Finley, Jr., Pro Se

Alan M. Cohen, Office of the City Attorney for the City of Alameda, Alameda, CA, Clifford F. Campbell, Jarvis Fay Doporto & Gibson, LLP, Oakland, CA, for Defendants-Appellees

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

MEMORANDUM **

Lincoln D. Finley, Jr., appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims pertaining to his arrest and prosecution for driving under the influence of alcohol. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Whitaker v. Garcetti,* 486 F.3d 572, 579 (9th Cir. 2007). We affirm.

The district court properly dismissed Finley's claims alleging a false arrest and detention without probable cause as *Heck*-barred because success on Finley's claims would necessarily imply the invalidity of his conviction or sentence, and Finley failed to show that his conviction had been invalidated. *See Heck,* 512 U.S. at 486-87, 114 S.Ct. 2364 (if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated"). We treat the dismissal of these claims as being without prejudice. *See Trimble v. City of Santa Rosa,* 49 F.3d 583, 585 (9th Cir. 1995) (dismissals under *Heck* are without prejudice).

Finley's request for judicial notice (Docket Entry No. 3) is denied as unnecessary.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.